UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL POZNIAK,

    Plaintiff,

v.

CIVIL Action No. 06-15709
HONORABLE DENISE PAGE HOOD
UNITED STATES DISTRICT COURT

CITY OF ROYAL OAK, OFFICERS
WILLIAM SAWYER, D. SCHER,
BARRON, LAVIN, C. SZYDLOWSKI,
WEIPPERT, and OFFICERS JOHN DOE;
OAKLAND COUNTY, DEPUTY PATRICK WEIR,
DEPUTY ROBERT DECKER, DR. PHILIP DUROCHER
and OAKLAND COUNTY EMPLOYEES JOHN DOE

    Defendants.

_____/

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [DOCKET NO. 43]

### I. INTRODUCTION

This matter is before the Court on Defendants' Motion for Summary Judgment [**Docket No. 43**, **filed February 19, 2008**]. Plaintiff filed a Response to Defendants' Motion for Summary Judgment [**Docket No. 52, filed March 12, 2008**] to which Defendants filed a Reply [**Docket No. 54, filed March 21, 2008**].

### II. STATEMENT OF FACTS

This case arises out of the arrest and detainment of Plaintiff Pozniak for driving under the influence of alcohol, and obstructing and resisting Royal Oak Police, on January 15, 2006. On December 26, 2006, Plaintiff brought an action in alleging violations of 42 U.S.C. § 1983, the Fourth, Fourteenth, and Eighth Amendments of the United States Constitution, as well as

1

Intentional Infliction of Emotional Distress and Gross Negligence under Michigan law.

Around 2:00 a.m., Plaintiff was stopped by Defendant Royal Oak Officers for operation of a vehicle under the influence. Plaintiff admits that he was drunk and had consumed between eight and ten drinks the night of the incident. (Def. Motion for Sum. Judgment, Ex. 1, Pl.'s Dep., at 25). While the police were administering sobriety tests, Plaintiff fled from the scene and Defendant Officers were forced to chase Plaintiff and detain him. (*Id.* at 27). Plaintiff claims his knee was injured after Defendant Officers chased and while they restrained him. (*Id.*). Plaintiff was thereafter transported to the Defendant City of Royal Oak Police Station and was charged with an OUIL, as well as resisting and obstructing a police officer. Plaintiff claims that he walked with a visible limp, that he indicated to the Defendant Officers that his knee was injured and that he wore shorts which would have revealed the full extent of the injury while incarcerated for the period in question. (*Id.*).

Plaintiff admits the following concerning the time of booking: his knee was not bleeding; he was wearing long pants; he never complained to Defendant Officers that his knee was allegedly swollen; and he never showed his knee to the Defendant Officers. (*Id.* at 31-32). Plaintiff also allegedly signed a form indicating that he was not claiming any injury or requesting medical attention, although Plaintiff casts doubt on the signing of any such form, as well as the Defendants' reliance on the form as they claim Plaintiff would still have been drunk at the time of signing. (Def. Motion for Sum. Judgment, Ex. 2, Supervisor's Observation Report).

On January 17, 2006 around 6:00 p.m., Plaintiff was removed from the Royal Oak Police Station and transported to the Oakland County Jail. Upon release from the Oakland County Jail, Plaintiff alleges that he underwent many surgeries, including arthroscopic surgery on his left

2

knee in 1999 or 2000. (Def. Motion for Sum. Judgment, Ex. 1, at 14, 24). On January 31, 2006, two weeks after leaving Defendant Royal Oak custody an examination showed damage to Plaintiff's knee, and Plaintiff underwent surgery the following day. (*Id.* at 44). Plaintiff admits that no doctor or medical professional has stated that his injury was worse due to any alleged delay, or that he was inadequately treated. (*Id.* at 39, 55-56).

**III.     LEGAL STANDARD**

Under Fed. R. Civ. P. 56, summary judgment is to be entered if the moving party demonstrates there is no genuine issue as to any material fact. The Supreme Court has interpreted this to mean that summary judgment should be entered if the evidence is such that a reasonable jury could find only for the moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has "the burden of showing the absence of a genuine issue as to any material fact." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *see also Lenz v. Erdmann Corp.*, 773 F.2d 62 (6th Cir. 1985). In resolving a summary judgment motion, the Court must view the evidence in the light most favorable to the non-moving party. *See Duchon v. Cajon Co.*, 791 F.2d 43, 46 (6th Cir. 1986); *Bouldis v. United States Suzuki Motor Corp.*, 711 F.2d 1319 (6th Cir. 1983). But as the Supreme Court wrote in *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986):

> [T]he plain language of Rule 56(c) mandates the entry to summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is "entitled to a judgment as a matter of law" because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof.

To create a genuine issue of material fact, the nonmovant must do more than present "some evidence" of a disputed fact. "If the [nonmovant's] evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Anderson*, 477 U.S. at 249-50 (citations omitted). Accordingly, a nonmovant "must produce evidence that would be sufficient to require submission to the jury of the dispute over the fact." *Mathieu v. Chun*, 828 F. Supp. 495, 497 (E.D. Mich. 1993) (citations omitted).

## IV. APPLICABLE LAW & ANALYSIS

### A. Royal Oak Defendant

Plaintiff claims that "Defendant Royal Oak [is] liable for the officer's . . . acts under a theory of respondeat superior." (Pl.'s Compl., p. 4, ¶4). The United States Supreme Court has clearly established that a municipality cannot be held liable under 42 U.S.C. § 1983 based upon the doctrine of respondeat superior, specifically holding:

> [A] local government may not be sued under Section 1983 for an injury inflicted solely by its employees or agents. Instead, it is when the execution of the government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the governmental agency is responsible under Section 1983.

*Monell v. Dep't of Social Servs.,* 436 U.S. 658, 694 (1978). Plaintiff's theory of respondeat superior liability against the City of Royal Oak is improper.

Plaintiff also claims that Defendant City of Royal Oak is liable due to "its' [sic] policies, practices, and customs." (Pl.'s Compl., p. 4, ¶4). To be liable under § 1983, the local government's policy or custom "must be the moving force of the constitutional violation." *Monell* at 694. Only where the injury results from execution of the official policy may the municipality be held liable. *Pembaur v. City of Cincinnati,* 475 U.S. 469, 482-83 (1986).

4

Plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993); *see also Graham v. County of Washtenaw,* 358 F.3d 377, 383 (6th Cir. 2004); *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003).

In this case, Plaintiff cites the Royal Oak Police Department Policy and Procedure as the policy that led to the constitutional deprivations at issue in this case. (Docket No. 52, Exh. D, Royal Oak Police Department Policy and Procedure 5.3). The policy provides:

> Prisoners who complain of medical problems and/or appear to have medical problems will be treated by the Royal Oak Fire Department E.M.S. Unit, and may be transported, accompanied by a police officer, to an area hospital, if deemed necessary by fire personnel.

*Id.* Plaintiff claims that the policy is infirm because it does not provide any timeline for the provision of medical care, nor does it provide any guidance to Officers insofar as what it means for a prisoner to "appear to have medical problems." Plaintiff provides no support for their assertion that internal regulations must have hard and fast timelines, or a detailed list of what Officers should look for with respect to an injury or illness.

The next section of Royal Oak Police Department Policy and Procedure that Plaintiff cites provides:

> Mentally or physically ill prisoners, whenever held in custody, shall be segregated from other prisoners. Whenever their mental or physical condition requires medical attention or placement in another facility, these needs shall be addressed in an expeditious manner.

*Id.* at 2. Again, Plaintiff generally complains that the guidance given to the officers stating that medical attention shall be addressed "in an expeditious manner" lacks proper direction to the officers, and, again, Plaintiff cites no caselaw to support his assertion that internal police regulations must have specific timelines detailed.

5

The final portion of the policy that Plaintiff cites states:

> When responses to questions on the [Prisoner Medical/Suicidal tendencies Questionnaire] indicate suicidal tendencies, the Duty Command Officer shall be immediately notified and procedures described in the department's In-Custody Suicide policy and procedure shall be followed.

*Id.* at 3. Suicide was never at issue in this case, and Plaintiff's citation to this portion of the officer policy is not relevant.

Plaintiff has failed to point to a specific policy or practice of the City of Royal Oak that was a moving force for the alleged constitutional violation in this case, nor has he shown a nexus between any policy and injury suffered. The City of Royal Oak is DISMISSED from this action.

### B. Defendant Officers Sawyer, Shcer, Barron, Lavin, Szydlowski, and Weippart - Federal Claims

Plaintiff's claim for inadequate medical care under the Eighth Amendment is inappropriate, as the Eighth Amendment is inapplicable to pretrial detainees. *Bell v. Wolfish,* 441 U.S. 520, 545 (1979); *Watkins v. City of Battle Creek,* 273 F.3d 682, 685 (6th Cir. 2001). The claim is properly founded in the Fourteenth Amendment Due Process Clause of the United States Constitution. *See Watkins,* 273 F.3d at 685-86. Defendants claim they are entitled to qualified immunity, and shielded from § 1983 liability.

Qualified immunity is generally a threshold defense whose applicability is to be determined by the trial judge. *Garvie v. Jackson*, 845 F.2d 647, 649 (6th Cir. 1988). Governmental officials are entitled to qualified immunity when their discretionary acts do "not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1992). The Supreme Court has set forth a two-part test to determine whether qualified immunity should attach. First, the court must

6

decide whether, in the light most favorable to the party asserting the injury, the facts alleged show the official's conduct violated a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 121 (2001). If there is no such violation, the inquiry ends here. *Id*.

If a violation can be adequately stated, the court next asks whether the right was clearly established. *Id*. Providing guidance in determining whether a right was clearly established, the Court stated, "[t]he relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable offic[ial] that his conduct was unlawful in the situation he confronted**.**" *Id*. *Saucier* also provides that an official's reasonable mistake is still cloaked with immunity. *Id*. Plaintiff must show that the officers violated a right so clearly established that any official in Defendants' positions would have understood that they were under an affirmative duty to refrain from such conduct. *Poe v. Haydon*, 853 F.2d 418, 426 (6th Cir. 1988), *cert. denied*, 488 U.S. 1007 (1989). In other words, Plaintiff must demonstrate that Defendants' conduct was objectively unreasonable in light of Plaintiff's clearly established rights. *See Williams v. Mehra*, 186 F. 3d 685, 691 (6th Cir. 1999).

To establish liability against Defendants, Plaintiff must establish that he had a serious medical need, Defendant Royal Oak Officers were actually aware of this need, and yet Defendant Officers acted with deliberate indifference to this known need for assistance. *See Id.* The Supreme Court has held that a Plaintiff must show a subjective component to hold an official liable for acting deliberately indifferent to a prisoner's serious medical needs, stating that defendant will not be liable:

> unless the official knows of and disregards an excessive risk to inmate's health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

7

*Farmer v. Brennan,* 511 U.S. 825 (1994). Deliberate indifference is a high standard that requires "a state of mind more blameworthy than negligence." *Farmer,* 511 U.S. at 835; *Comstock*, 273 F.3d at 703. To find liability, Plaintiff must show deliberateness tantamount to an intent to punish. *See Horn v. Madison County Fiscal Court,* 22 F.3d 653, 660 (6th Cir. 1994).

In this case, Plaintiff has offered the video of his arrest to evidence the fact that he was visibly injured, and that despite the obviousness of his injury he was refused treatment. This Court has reviewed the video, and agrees that it does show Plaintiff walking with a limp, with the officers helping him walk. Plaintiff concedes, however, that during his interactions with the Defendant Royal Oak Officers that his knee was not bleeding, he was wearing long pants that covered his knee at the scene of the injury, he never pointed out to the Defendant Officers that his knee was swollen, and that he did not alert the Defendant Officers to look at his knee while at the station. (*See* Def. Mot. For Sum. Judgment, Exh. 1 at 31-32). Plaintiff also signed a form indicating that he was not claiming any injury or requesting medical attention.

The Sixth Circuit has held that "the plaintiff bears the onerous burden of proving the official's subjective knowledge." *Comstock v. McCray,* 273 F.3d 693, 703 (6th Cir. 2001). In this case Plaintiff has not offered this Court any evidence to support his assertion that he told unidentified officers that his knee was injured. While Plaintiff has shown some evidence to show that he was walking with a limp, that evidence does not rise to the necessary level to indicate that Defendant Officers acted with deliberate indifference to Plaintiff's medical needs. *See Id.* Plaintiff himself admitted in his deposition that he never showed the Defendant Officers his knee during the original incident, and that he did sign the form stating that he was not requesting medical assistance. (Def. Mot. For Sum. Judgment, Exh. 1, at 31-32). Plaintiff has not

8

come forward with any medical professional to indicate that an alleged delay in treating Plaintiff's injury made his injury worse, or that it was inadequately treated. (*See Id.*, Exh. 1 at 55-56).

Plaintiff has failed to provide this Court with sufficient factual basis to conclude that an "excessive risk" existed in this situation, necessitating a finding of qualified immunity in favor of the Defendant Royal Oak Officers. Despite the video evidence of Plaintiff walking with a limp, Plaintiff has simply not met his "onerous burden of proving the official's subjective knowledge," and his deliberate indifference claim is DISMISSED.

### C. Remaining Federal Claims

In Count I of Plaintiff's Complaint Plaintiff alleges violation of his Fourth Amendment rights. Plaintiff admits that Defendant Royal Oak Officers did not exert excessive force in the arrest and detainment of Plaintiff, stating that he felt it was appropriate for the Defendant Officers to restrain and handcuff Plaintiff after he fled from the police. (*See* Def. Mot. For Sum. Judgment, Exh. 1 at 13). Plaintiff's only remaining claim under the Fourth Amendment is that Defendant Officers should have known that Plaintiff's knee was injured and acted deliberately indifferent to Plaintiff's medical needs, which has been addressed above.

In Count II of Plaintiff's Complaint, Plaintiff alleges a violation of his Eighth Amendment rights. As noted before, the Eighth Amendment does not apply to the Defendants' actions as the United States Supreme Court has held that the Eighth Amendment applies only to convicted prisoners, and not to pretrial detainees. *Bell v. Wolfish,* 441 U.S. 520, 535 n.16 (1979); *Ingraham v. Wright*, 430 U.S. 651, 664 (1977). In the present case, the only interaction between Plaintiff and Defendant Royal Oak Officers occurred prior to Plaintiff's conviction, making any

9

Eighth Amendment claim not applicable to the Royal Oak Defendants. *See Roberts v. City of Troy,* 773 F.2d 720, 722-23 (6th Cir. 1985). Plaintiff's Eighth Amendment claim is DISMISSED.

### D. Remaining State Law Claims

Plaintiff alleges in Count III of his Complaint an Intentional Infliction of Emotional Distress claim against Defendants. (Pl.'s Compl., pp. 6-7). To establish a cause of action for intentional infliction of emotional distress, a plaintiff must show:

> (1) extreme and outrageous conduct, (2) intent or recklessness, (3) causation, and (4) severe emotional distress. Liability attaches only when a plaintiff can demonstrate that the defendant's conduct is so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.

*Manuel v. Gill,* 270 Mich. App. 355, 381; 716 N.W.2d 291 (2006); *see also Roberts v. Auto-Owners Ins. Co.*, 422 Mich. At 602. "The threshold for showing extreme and outrageous conduct is high." *VanVorous v. Burmeister,* 262 Mich. App. 467, 481; 687 N.W.2d 132 (2004).

In this case the Defendant Royal Oak Officers arrested and detained a fleeing drunk driver and received a written statement from Defendant that he did not require medical attention. Construing the facts in a light most favorable to Plaintiff, this Court does not find that Defendant Officers' actions were "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." *Manuel,* 270 Mich. App. At 381. Plaintiff has not provided sufficient facts to demonstrate intent or recklessness on the behalf of Defendants. Plaintiff's intentional infliction of emotional distress claim is DISMISSED.

Count IV of Plaintiff's Complaint alleges Gross Negligence on the part of Defendants.

10

(Pl.'s Comp., pp. 7-8). Defendant Royal Oak Police Officers are immune from tort liability where the Officers were acting, or reasonably believed that they were acting, within the scope of their authority, while engaged in a governmental function, and were not grossly negligent. M.C.L. § 691.1407(2) provides:

> (2) Except as otherwise provided in this section, and without regard to the discretionary or ministerial nature of the conduct in question, each officer and employee of a governmental agency, . . . is immune from tort liability for an injury to a person or damage to a property caused by the officer, employee, or member while in the course of employment or service . . . if all of the following are met:
>
>> (a) The officer, employee, member, or volunteer is acting or reasonably believes he or she is acting within the scope of his or her authority.
>>
>> (b) The governmental agency is engaged in the exercise or discharge of a governmental function.
>>
>> (c) The officer's, employee's, member's, or volunteer's conduct does not amount to gross negligence that is the proximate cause of the injury or damage. As used in this subdivision, "gross negligence" means conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results..

*See also Tallman v. Markstrom*, 180 Mich. App. 141, 143; 446 N.W.2d 618 (1989)**.** In this case, the Defendant Royal Oak Officers were engaged in the arrest and detention of Plaintiff for drunk driving. The arrest and detention of suspects are quintessential governmental functions. *Payton v. Detroit*, 211 Mich. App. 375, 392; 536 N.W.2d 233 (1995).

As employees of the City, Defendant Royal Oak Police Officers are entitled to governmental immunity unless Plaintiff can establish that their conduct amounted to "gross negligence," conduct so reckless as to demonstrate a substantial lack of concern for whether an injury results. Plaintiff has not produced evidence, beyond his original assertions, showing that Defendant Officers acted recklessly. Because Plaintiff has not produced evidence sufficient to demonstrate a genuine issue of material fact Defendant Royal Oak Police Officers are entitled to

11

governmental immunity and the gross negligence claim is DISMISSED.

## IV. CONCLUSION

Accordingly,

IT IS ORDERED that Defendants' Motion for Summary Judgment [**Docket No. 43**, **filed February 19, 2008**] is GRANTED.

IT IS FURTHER ORDERED that this case is DISMISSED with prejudice.

                                          S/Denise Page Hood
                                          Denise Page Hood
                                          United States District Judge

Dated: September 30, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 30, 2008, by electronic and/or ordinary mail.

                                          S/William F. Lewis
                                          Case Manager